1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., | Case No.  1:21-cv-01810-DAD-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Clifton Williams, Jr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.   Currently before the Court is Plaintiff's complaint, filed on December 27, 2021.  (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

1

proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was being arrested or while he was a pre-trial detainee, and/or in relation to court proceedings related to charges and custody.  Plaintiff is not challenging his conditions of

1    confinement.  The Court accepts Plaintiff's allegations in the complaint as true *only* for the
2    purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

3         It appears Plaintiff is bringing this action against Defendants: (1) The People of the State
4    of California; (2) the County of Stanislaus; (3) District Attorney P. Hogan ("Hogan"); and
5    Kathenne Blum ("Blum"), identified as an officer for the Modesto Police Department.  (Compl.
6    1-3,[1] ECF No. 1.)  However, it is somewhat unclear if Plaintiff was intending only to name
7    Hogan and Blum as Defendants that are under the headings of the State of California and the
8    County of Stanislaus.

9         Plaintiff's complaint lists the following causes of action: (1) false arrest; (2) false
10   imprisonment; (3) defamation/slander; (4) harassment; (5) cruel and unusual punishment; (6)
11   intentional infliction of emotional distress; (7) falsifying documents; and (8) financial loss.

12        On October 20, 2021, Plaintiff was "rebooked by the Stanislaus County Sheriff  booking
13   officer #S02763 in the County jail."[2]  (Compl. 2.)  The rebooking was for "PC 11378 HS,"[3]
14   "followed by an added incident report falsified by Officer Kathenne Blum" on October 20, 2021.
15   (Id.)  Plaintiff states the original report was written by Blum on July 1, 2021, after she arrested
16   and took a "Dawn Marie Lewis" to the Stanislaus County jail for the "above said charges."
17   Plaintiff was then brought to court on October 22, 2021, and arraigned on these charges in the
18   Superior Court of the State of California, County of Stanislaus, case number CR-21-010177.
19   (Compl. 2-3.)  A bond was set at $100,000, which Plaintiff states is excessive, and not the
20   standard bond for the Section 11378, which is $25,000.  (Compl. 3.)

21        Plaintiff was then handed a criminal complaint from the Stanislaus County District
22   Attorney's office that alleged on July 1, 2021, that Plaintiff committed a felony possession of a
23   controlled substance for sale, a violation of Section 11378.  Plaintiff states that Blum knew this

24   _____

25   [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

26   [2] On the caption page of the complaint where Plaintiff lists all Defendants, it appears he identifies Blum with
27   #S02438, a different number.  #S02763 was not listed as a Defendant.

28   [3] It appears "PC 11378 HS," is California Health and Safety Code § 11378, which provides for imprisonment in the case of possession of a controlled substance for sale.

1   was not true as on July 1, 2021, Blum made an arrest of Dawn Marie Lewis, who had
2   "[ac]cepted ownership of the substance."  Plaintiff states that the sergeant that was on duty that
3   day ordered Blum to release Plaintiff; that Plaintiff left with no further incident; and that Blum
4   escorted Lewis to the county jail where she was booked into custody.  (Compl. 3-4.)  Plaintiff
5   states that it wasn't until October 20, 2021, that Blum falsified and added to the incident report
6   that Plaintiff willfully had the controlled substance methamphetamine in his possession for the
7   purpose of selling.  (Compl. 4.)  Plaintiff proffers that records will reflect that on July 1, 2021,
8   Plaintiff was never booked or arrested into the Stanislaus County Jail for any felony or
9   possession of a controlled substance under Section 11378, nor was he cited for any other felony
10  on such date.

11       Plaintiff states that as a result of the false allegations, he has become homeless, lost his
12  business, has been ordered to post an excessive bail under the Eighth Amendment, and has been
13  in custody since October 20, 2021.  (Compl. 4-5.)

14       For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his
15  federal rights.  Plaintiff shall be provided the opportunity to file an amended complaint to
16  attempt to correct the deficiencies at issue.

17                                                  **III.**

18                                          **DISCUSSION**

19       **A.      Federal Rule of Civil Procedure 8**

20       Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
21  showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Such a statement must
22  simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which
23  it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal
24  quotation marks omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals
25  of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
26  Iqbal, 556 U.S. at 678 (citation omitted).  This is because, while factual allegations are accepted
27  as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S.
28  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Therefore, Plaintiff must set forth "sufficient

1  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  A claim
2  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
4  678  (citations and internal quotation marks omitted).

5         As currently pled, Plaintiff's complaint does not contain enough factual details to permit
6  the Court to draw the reasonable inference that any of the Defendants are liable for the
7  misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff's allegations are vague and conclusory
8  statements that his rights were violated, and that Blum lied in her report.  It appears Plaintiff's
9  complaint rests on the fact that he and another person, Lewis, were involved in some sort of
10 interaction with the police on July 1, 2021.  The actual events that occurred on July 1, 2021, are
11 not described in sufficient detail for the Court to understand what happened between Plaintiff
12 and the officers.  Plaintiff alleges that the other person Plaintiff was with, Lewis, accepted the
13 responsibility for methamphetamine that was found or confiscated by the officer(s).  It appears
14 Plaintiff believes that because he was released that night and Lewis accepted responsibility, the
15 fact he was later booked on October 20, 2021, for charges relating to possession of such
16 methamphetamine, equates to a conclusion that officer Blum falsified the report pertaining to
17 that night.

18        It appears Plaintiff's only allegation against the District Attorney (either the office or
19 Hogan), is the statement that Plaintiff was handed a criminal complaint that alleged he was
20 charged with a violation of Section 11378, with knowledge that the charge was not true because
21 Lewis had accepted responsibility and because Plaintiff was not booked the night of the incident.
22 Plaintiff's allegation amounts to no more than a generalized conclusion that Defendants violated
23 his rights, unsupported by specific facts.  These conclusory statements, insufficiently supported
24 by factual details, do not suffice to state any claim against the Defendant Hogan, nor the District
25 Attorney's office, if Plaintiff meant to name the agency as a separate Defendant.

26        For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard.
27 If Plaintiff chooses to file an amended complaint, he should consider the legal standards the
28 Court provides in the following sections.

**B.     Abstention**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  Dubinka, 23 F.3d at 223.  This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court.

Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that are ongoing and that provide their own review and procedural processes for addressing any constitutional violations that have not been exhausted, the Court will not interfere in such ongoing proceedings.

**C.     Section 1983, Supervisory Liability, and Municipal Liability**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law.  Long, 442 F.3d at 1185 (9th Cir. 2006).  There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

In other words, to the extent Plaintiff is attempting to make a claim against a district

1    attorney that was not personally involved but was only acting as a supervisor over an officer or

2    assistant district attorney, Plaintiff cannot state a claim unless they were personally and directly

3    involved in the violation of his rights.  It is somewhat unclear whether Plaintiff is making claims

4    against a specific individual attorney involved, or the District Attorney's office or the District

5    Attorney supervising others.

6         Further, a local government unit may not be held responsible for the acts of its employees

7    under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436

8    U.S. 658, 691 (1978).  Rather, a local government unit may only be held liable if it inflicts the

9    injury complained of through a policy or custom.  Waggy v. Spokane County Washington, 594

10   F.3d 707, 713 (9th Cir. 2010).  Generally, to establish municipal liability, the plaintiff must show

11   that a constitutional right was violated, the municipality had a policy, that policy was deliberately

12   indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the

13   constitutional violation.  Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400

14   (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of

15   Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).  "The custom or policy must be a

16   'deliberate choice to follow a course of action . . . made from among various alternatives by the

17   official or officials responsible for establishing final policy with respect to the subject matter in

18   question.' "  Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting

19   Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

20        A failure to train may establish liability where such omission of training amounts to

21   deliberate indifference to a constitutional right.  Clouthier v. Cty. of Contra Costa, 591 F.3d

22   1232, 1249-50 (9th Cir. 2010), overruled on other grounds by Castro, 833 F.3d 1060.  This

23   standard is met when "the need for more or different training is so obvious, and the inadequacy

24   so likely to result in the violation of constitutional rights, that the policymakers of the city can

25   reasonably be said to have been deliberately indifferent to the need."  Id. at 1249 (quoting City of

26   Canton v. Harris, 489 U.S. 378, 390 (1989).  "For example, if police activities in arresting

27   fleeing felons 'so often violate constitutional rights that the need for further training must have

28   been plainly obvious to the city policymakers,' then the city's failure to train may constitute

1   'deliberate indifference.' " Id.  "Only where a failure to train reflects a 'deliberate' or

2   'conscious' choice by the municipality can the failure be properly thought of as an actionable

3   city 'policy.' " City of Canton, 489 U.S. at 379.  "A pattern of similar constitutional violations

4   by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for

5   purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (citation omitted).

6          A plaintiff seeking to impose liability upon a municipality is required to identify the

7   policy or custom that caused the constitutional injury.  Bd. of Cty. Comm'rs of Bryan Cty., Okl.,

8   520 U.S. at 403.  If Plaintiff is attempting to bring claims against any of the agencies and not the

9   individuals involved, Plaintiff has failed to state a plausible claim based on a custom or policy or

10  failure to train.

11         **D.      Falsification of Police Records**

12         As the Court found above, Plaintiff's bare factual allegations against Defendant Blum do

13  not satisfy the requirements of Rule 8.  The facts presented do not give rise to a claim for

14  falsification of police records, nor for false arrest or false imprisonment based on such bare

15  allegation of a false report.

16         Individuals have a constitutional due process right "not to be subjected to criminal

17  charges on the basis of false evidence that was deliberately fabricated by the government."

18  Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc).  To establish such a due

19  process violation, a plaintiff must, at a minimum, allege either: (1) that government officials

20  continued their investigation "despite the fact that they knew or should have known that

21  [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive

22  that [they] knew or should have known those techniques would yield false information."

23  Cunningham v. Perez, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).

24         Other than generally stating that because another individual is alleged to have accepted

25  responsibility for methamphetamine on the date of the incident, officer Blum falsified the report,

26  Plaintiff fails to indicate in any specific detail how any officer mishandled any witness, or any

27  specific evidence in a manner that demonstrates intentional falsification of any record or

28  evidence.   Other than stating the District Attorney's Office knew Lewis had accepted

1 responsibility, Plaintiff has not described how any prosecutor knowingly used false information
2 in pursuing criminal charges that was obtained by any police officer.  Plaintiff's bare conclusory
3 allegations are not sufficient to establish a claim, and do not satisfy the requirements of Federal
4 Rule of Civil Procedure 8 as the Court found above.

5      **E.**     **Malicious Prosecution and Prosecutorial/Judicial Immunity**

6      A claim for malicious prosecution or abuse of process is not generally cognizable under
7 Section 1983 if a process is available within the state judicial system to provide a remedy.  Usher
8 v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The exception is
9 "when a malicious prosecution is conducted with the intent to deprive a person of equal
10 protection of the laws or is otherwise intended to subject a person to denial of constitutional
11 rights."  Id. (citations omitted).  In order to prevail on a Section 1983 claim of malicious
12 prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without
13 probable cause, and that they did so for the purpose of denying [him] equal protection or another
14 specific constitutional right."  Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)
15 (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004);
16 Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim
17 may be brought against prosecutors or against the individuals who wrongfully caused the
18 prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  Probable cause is an absolute
19 defense to malicious prosecution.  Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir.
20 2009).

21      In order to state a malicious prosecution claim, Plaintiff must show that the prior
22 proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal
23 termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with
24 malice.  Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the
25 termination to be considered "favorable" to the malicious prosecution plaintiff, it must be
26 reflective of the merits of the action and of the plaintiff's innocence of the charges.  Villa v.
27 Cole, 4 Cal.App.4th 1327, 1335 (1992); Awabdy, 368 F.3d at 1068 ("An individual seeking to
28 bring a malicious prosecution claim must generally establish that the prior proceedings

terminated in such a manner as to indicate his innocence."). In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." Id.

Plaintiff has not alleged his case has been dismissed, which would be required to state a claim for malicious prosecution. As the Court explained above under the heading "Abstention," the Court will not interfere in ongoing state criminal proceedings.

Further, Plaintiff is advised that judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a

1  case.  See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

2     Thus, to the extent Plaintiff is seeking relief against district attorney Hogan for actions

3  taken in an official capacity, such claims would generally be barred, and Plaintiff has not stated a

4  claim for malicious prosecution.

5     **F.     Eighth Amendment**

6     The Eighth Amendment's prohibition against cruel and unusual punishment protects

7  convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S.

8  386, 395 n.10 (1989).  Although prison conditions may be restrictive and harsh, prison officials

9  have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation,

10  medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)

11  (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

12  prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

13  2006) (quotation marks omitted).

14     To maintain an Eighth Amendment claim, a prisoner must show that prison officials were

15  deliberately indifferent to a substantial risk of harm to his health or safety.  See, e.g., Farmer v.

16  Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010);

17  Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson,

18  217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  In order to state a claim,

19  the plaintiff must allege facts sufficient to support a claim that prison officials knew of and

20  disregarded a substantial risk of serious harm to the plaintiff.  Farmer, 511 U.S. at 847; Frost v.

21  Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Plaintiff has not state a claim for cruel and unusual

22  punishment.

23     **G.     Allegations of Slander and Defamation**

24     Plaintiff claims for slander and defamation.  To bring a claim for defamation in a Section

25  1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

26     "To establish a claim for defamation under Section 1983, a plaintiff must first establish

27  defamation under state law."  Flores v. City of Bakersfield, No. 1:17-CV-1393-JLT, 2019 WL

28  7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F.Supp.2d

740, 746 (S.D. Cal. 2003)).  Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546 Fed. Appx. 691, 692 (9th Cir.2013) (quoting Taus v. Loftus, 40 Cal.4th 683, 54 Cal.Rptr.3d 775, 151 P.3d 1185, 1209 (Cal.2007)).  To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir.) (citation omitted).  "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a § 1983 action, injury to reputation alone is not enough to state a claim.  "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest." WMX Techs., Inc. v. Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999).  The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution.  WMX II, 197 F.3d at 373; see Paul v. Davis, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment").  "[R]eputational harm alone does not suffice for a constitutional claim." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004).  Absent a change in status, "any harm or injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." Paul, 424 U.S at 712.  Plaintiff must demonstrate the loss of a recognizable property or liberty interest in conjunction with the allegation that they suffered injury to reputation.  Miller, 355 F.3d at 1179; Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)).  A plaintiff can meet this test by showing that "injury to reputation was inflicted in connection with a federally protected right" or that "injury to reputation caused the denial of a federally protected right." Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645

1  (9th Cir. 1999); <u>Cooper</u>, 924 F.2d at 1532-33.  This is referred to both as a "defamation-plus" or

2  "stigma-plus" claim.  <u>See, e.g.</u>, <u>Flores</u>, 2019 WL 7038385, at *17.

3         Plaintiff has not put forth factual allegations that his reputation was injured in connection

4  with a federally protected right or that the damage caused him to be denied a federally protected

5  right.  Even if Plaintiff could not meet the defamation-plus standard but *was* able to demonstrate

6  defamation under California law, the Court would also decline to exercise supplemental

7  jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal

8  claim, as explained above.  <u>See Ward v. Webber</u>, No. 118CV00916SABPC, 2018 WL 3615853,

9  at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the

10  Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he

11  cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); <u>Herman Family</u>

12  <u>Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001)).

13         **H.**     **Intentional Infliction of Emotional Distress**

14         Plaintiff lists a claim for intentional infliction of emotional distress.

15         The elements for a claim of intentional infliction of emotional distress under California

16  law are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of

17  the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and

18  proximate causation of the emotional distress."  <u>Wong v. Tai Jing</u>, 189 Cal.App.4th 1354, 1376

19  (2010) (quoting <u>Agarwal v. Johnson</u>, 25 Cal.3d 932, 946 (1979)).  Conduct is "outrageous if it is

20  'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' " <u>Simo</u>

21  <u>v. Union of NeedleTrades, Industrial & Textile Employees</u>, 322 F.3d 602, 622 (9th Cir. 2002)

22  (quoting <u>Saridakis v. United Airlines</u>, 166 F.3d 1272, 1278 (9th Cir. 1999)).  The emotional

23  distress must be "of such a substantial quantity or enduring quality that no reasonable man in a

24  civilized society should be expected to endure it."  <u>Simo</u>, 322 F.3d at 622.

25         Given the legal standards and facts discussed above, Plaintiff has not stated sufficient

26  facts pertaining to any named Defendant or unnamed individual that would rise to the level of

27  intentional infliction of emotional distress.

28

## IV.

### CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.  See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     The Clerk's office shall send Plaintiff a complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

3.     Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and

4.     If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 24, 2022**

UNITED STATES MAGISTRATE JUDGE