# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:21-cv-01810-DAD-SAB <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT <br><br> (ECF No. 1) <br><br> THIRTY DAY DEADLINE |

Clifton Williams, Jr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on December 27, 2021. (ECF No. 1.) On February 25, 2022, the Court screened Plaintiff's complaint and granted leave to file a first amended complaint. (ECF No. 6.) Currently before the Court is Plaintiff's first amended complaint, filed on March 17, 2022. (ECF No. 7.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

1

(section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described

occurred while Plaintiff was being arrested or while he was a pre-trial detainee, and/or in relation to court proceedings related to charges and custody. Plaintiff is not challenging his conditions of confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants: (1) Deputy District Attorney Patrick Hogan ("Hogan"); and (2) Kathlenne Blum ("Blum"), identified as an officer for the Modesto Police Department. (Compl. 1-2,[1] ECF No. 1.)

Plaintiff brings claims under the Fourth Amendment, the Eighth Amendment, and for malicious prosecution. (Compl. 4.)

Plaintiff claims that:

> On 7/1/21 Officer Blum raided my hotel room with no probable cause or search warrant and found drugs on a Dawn Marie Lewis and arrested her and took her to jail and booked her on possession for sale of a controlled substance. I was released [] with no further incident and it was not until October 20, 2021 I was rebooked on the same charges as Dawn Marie Lewis and forced to post an excessive bond of $100,000. D.A. Mr. Hogan knowing this a malicious prosecution and a violation of my 4th and 8th Amendment, continues to prosecute me and has brought without probable cause all these violations of my civil rights. Officer Blum did not have a warrant or probable cause for raiding my hotel room.

(Compl. 5-6.)

For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his federal rights. Plaintiff shall be provided the opportunity to file an amended complaint to attempt to correct the deficiencies at issue.

## III.

## DISCUSSION

### A.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged, or that any claim is plausible as presented. Iqbal, 556 U.S. at 678. Plaintiff alleges that he and another person were involved in some sort of raid on a shared hotel room with the police on July 1, 2021. The actual events that occurred on July 1, 2021, are not described in sufficient detail for the Court to understand what happened between Plaintiff and the Defendant police officer. Plaintiff only alleges that Defendant Hogan continues to prosecute him based on charges related to the hotel raid, at which, Plaintiff seems to admit drugs were found on at least one person in the hotel room. Plaintiff's allegation amounts to no more than a generalized conclusion that Defendants violated his rights, unsupported by specific facts. These conclusory statements, insufficiently supported by factual details, do not suffice to state any claim against the two named Defendants.

For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard. If Plaintiff chooses to file an amended complaint, he should consider the legal standards the Court provides in the following sections.

**B.    Abstention**

Under principles of comity and federalism, a federal court should not interfere with

ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court.

Plaintiff alleges that the prosecutor "continues to" prosecute him. Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that are ongoing and that provide their own review and procedural processes for addressing any constitutional violations that have not been exhausted, the Court will not interfere in such ongoing proceedings.

### C.     Fourth Amendment Probable Cause Standard

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

A search incident to arrest is lawful to find weapons and to protect evidence an arrestee might hide or destroy. Chimel v. California, 395 U.S. 752, 762–63 (1969). A search "may be conducted shortly after the arrestee has been removed from the area, provided that (1) the search is restricted to the area that was 'within the arrestee's immediate control when he was arrested,' and (2) events occurring after the arrest but before the search incident to arrest did not render the search unreasonable." United States v. Hudson, 100 F.3d 1409, 1419 (9th Cir.1996) (quoting

1  United States v. Turner, 926 F.2d 883, 888 (9th Cir.1991)).  Additionally, "we have also held
2  that a search incident to arrest may justify the opening of containers found within the physical
3  area covered by the search."  Id.

4  "A warrantless entry into a hotel room must be justified by exigent circumstances.
5  United States v. Andersson, 813 F.2d 1450, 1454 (9th Cir. 1987) (citations omitted).  "Exigency
6  has been defined as those circumstances that would cause a reasonable person to believe that
7  entry ... was necessary to prevent physical harm to the officers or other persons, the destruction
8  of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating
9  legitimate law enforcement efforts."  Id.  Specifically, a search incident to arrest in a hotel room
10 can encompass the whole room and a closed suitcase.  Id. at 1456 ("we find that the agents had
11 probable cause to arrest Dorn.  Thus . . .  the agents could search both Dorn and the immediate
12 area, including containers, as a search incident to arrest, as long as the search of the suitcase
13 occurred at about the same time as the arrest.").

14 Plaintiff fails to set forth sufficient factual allegations detailing what occurred, and what
15 Defendant Blum did that was the proximate cause of the Fourth Amendment deprivation Plaintiff
16 alleges.  Plaintiff provides only conclusory allegations with regard to the underlying alleged
17 unconstitutional search of the hotel room, which is insufficient to state a plausible Fourth
18 Amendment claim.  In particular, plaintiff fails to allege facts indicating that there was no
19 probable cause or justification for the search of the hotel.

20 **D.    Malicious Prosecution and Prosecutorial Immunity**

21 A claim for malicious prosecution or abuse of process is not generally cognizable under
22 Section 1983 if a process is available within the state judicial system to provide a remedy.  Usher
23 v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The exception is
24 "when a malicious prosecution is conducted with the intent to deprive a person of equal
25 protection of the laws or is otherwise intended to subject a person to denial of constitutional
26 rights."  Id. (citations omitted).  In order to prevail on a Section 1983 claim of malicious
27 prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without
28 probable cause, and that they did so for the purpose of denying [him] equal protection or another

specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  Probable cause is an absolute defense to malicious prosecution.  Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with malice.  Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the termination to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges.  Villa v. Cole, 4 Cal.App.4th 1327, 1335 (1992); Awabdy, 368 F.3d at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.").  In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt."  Id.

Plaintiff has not alleged his case has been dismissed, which would be required to state a claim for malicious prosecution.  As the Court explained above under the heading "Abstention," the Court will not interfere in ongoing state criminal proceedings.

Thus, to the extent Plaintiff is seeking relief against Defendant Hogan for actions taken in an official capacity, such claims would generally be barred, and Plaintiff has not stated a claim

for malicious prosecution.

### E.     Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff has not stated a claim for cruel and unusual punishment that occurred while he was a convicted prisoner.

### IV.

### CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to

8

raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **March 22, 2022**

UNITED STATES MAGISTRATE JUDGE