1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CLIFTON WILLIAMS, JR., | Case No.  1:21-cv-01810-DAD-SAB |
| 12  Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| 13  v. | |
| 14  PATRICK HOGAN, et al., | (ECF No. 9) |
| 15  Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| 16 | |

17
**I.**

18
**INTRODUCTION**

19   Clifton Williams, Jr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this

20 civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

21 magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22   On March 23, 2022, the Court screened Plaintiff's first amended complaint and granted

23 leave to file a second amended complaint.  (ECF No. 8.)  Currently before the Court is Plaintiff's

24 second amended complaint, filed on April 13, 2022.  (ECF No. 9.)  For the reasons discussed

25 herein, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable

26 claim.

27 / / /

28 / / /

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting

Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was being arrested or while he was a pre-trial detainee, and/or in relation to court proceedings related to charges and custody.  Plaintiff is not challenging his conditions of confinement.  The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants: (1) Deputy District Attorney Patrick Hogan ("Hogan"); and (2) Kathlenne Blum ("Blum"), identified as an officer for the Modesto Police Department.  (Second Am. Compl. ("SAC") 1-2,[1] ECF No. 9.)

Plaintiff claims a violation of the Fourth Amendment and malicious prosecution.  (Id. at 4.)  Plaintiff claims that:

> I was asleep in my Hotel room with a Dawn Marie Lewis in bed. [N]either of us had any warrants, we weren't involved in any crime and we were not under any investigation or had not been under arrest before Officer Kathleen Blum from the Modesto Police Dept. had just busted through my hotel room door pulling us out of bed [naked].  She had no reason to raid my hotel room, no probable cause, no search and seizure warrant did a search of me and my room and found nothing, did a search of Ms. Lewis['] purse and found a controlled substance meth[amphetamine].

> Officer Blum then release me and arrested and took Ms. Lewis to jail for being in possession of a controlled substance on 7/1/2021.

> This was a violation of my Fourth Amendment rights, which states that it is the right of the people to be secure in their persons, houses, -papers, and effects, against unreasonable searches and seizures, shall not be violated.

> Then Officer Blum submitted a false added incident report to the D.A.'s Office on 10/20/2021, and Deputy District Attorney Patrick Hogan . . . filed a criminal complaint against me knowing that

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

> Officer Blum's allegations to  be false, stating that on 7/1/2021 I committed a crime by being in possession of a controlled substance meth, which is not true.
>
> But this has not stopped Mr. Hogan from continuing his malicious prosecution and excessive bond of $100,000, loss in attorney and court fees and loss of place of business.  [T]his has been a long ongoing expensive allegation which has ended in a dismissal due to insufficient evidence in the int[e]rest of justice.

(Compl. 5-7.)

## IV.

## DISCUSSION

### A.    Judicial Notice of State Court Records

Under the Federal Rules of Evidence a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The Court finds it may properly take judicial notice of the inmate records of the Stanislaus County Sheriff's Department, and of the court records of the Superior Court of California, County of Stanislaus.  Id.

The relevant criminal case number was not provided in the second amended complaint, however, Plaintiff's initial complaint identified the following state court case number: CR-21-010177.  (ECF No. 1 at 3.)  Plaintiff's second amended complaint now proffers the criminal case has ended in a dismissal due to insufficient evidence and in the interest of justice.  (ECF No. 9 at 7.)  However, a review of the court records of the Superior Court of California, County of Stanislaus, demonstrates that the criminal action has not been dismissed.

Specifically, in case no. CR-21-010177, an arraignment was held on October 22, 2021; a pretrial hearing was held on November 3, 2021; a preliminary examination was held on November 17, 2021; an arraignment on information hearing was held on December 1, 2021; and a jury setting hearing was held on December 9, 2021.  Thus, the criminal felony case filed on

1   October, 22, 2021, case no. CR-21-010177, is currently open and ongoing in the Superior Court.

2   **B.      Abstention**

3   Under principles of comity and federalism, a federal court should not interfere with

4   ongoing state criminal proceedings by granting injunctive or declaratory relief except under

5   special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is

6   required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings

7   involve important state interests; and (3) the state proceedings afford adequate opportunity to

8   raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457

9   U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

10  The rationale of Younger applies throughout the appellate proceedings, requiring that state

11  appellate review of a state court judgment be exhausted before federal court intervention is

12  permitted.  Dubinka, 23 F.3d at 223.  This Court will not interfere in the on-going criminal

13  proceedings currently pending against Plaintiff in state court.

14  Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that

15  are ongoing and that provide their own review and procedures for addressing any constitutional

16  violations that have not been exhausted, the Court will not interfere in such ongoing proceedings.

17  **C.      Malicious Prosecution**

18  A claim for malicious prosecution or abuse of process is not generally cognizable under

19  Section 1983 if a process is available within the state judicial system to provide a remedy.  Usher

20  v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The exception is

21  "when a malicious prosecution is conducted with the intent to deprive a person of equal

22  protection of the laws or is otherwise intended to subject a person to denial of constitutional

23  rights."  Id. (citations omitted).  In order to prevail on a Section 1983 claim of malicious

24  prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without

25  probable cause, and that they did so for the purpose of denying [him] equal protection or another

26  specific constitutional right."  Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)

27  (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004);

28  Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim

may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with malice. Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006); see also Thompson v. Clark, 142 S. Ct. 1332 (2022) ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.").

Based on the Court's review and taking of judicial notice of the above ongoing state proceedings, the Court finds the relevant state criminal action against Plaintiff has not been terminated in a manner favorable to the Plaintiff, and has not shown that the criminal prosecution has ended without a conviction. Thompson, 142 S. Ct. 1332 .

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**V.**

**CONCLUSION AND RECOMMENDATION**

The Court finds Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's second amended complaint filed April 13, 2022 (ECF No. 9), be DISMISSED for failure to state a cognizable claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**April 15, 2022**__ _____

UNITED STATES MAGISTRATE JUDGE